UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>DAVID KING STROUSE, III,<br><br>                    Defendant. | No. 2:15-CR-091-TOR-9<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE AND SETTING CONDITIONS<br><br>☒    Motion Granted<br>       **(ECF No. 166)** |

At the November 2, 2015, hearing on Defendant's Motion for Reconsideration of Detention, ECF No. 166, Defendant was present with counsel Philip E. Nino. Assistant U.S. Attorney Caitlin A. Baunsgard represented the United States.

Initially this Court granted the United States' Motion for detention. ECF No. 141. Defendant has since been evaluated and recommended for intensive outpatient substance abuse treatment, and his proposed residence examined by Pretrial Services. The United States continues to oppose release.

The Court has reviewed the Defendant's Motion, ECF No. 166; the United States' Response, ECF No. 181; Defendant's Reply, ECF No. 184; the Status Report filed by Pretrial Services dated October 21, 2015; as well as the original Pretrial Services Report in this matter.

The Court has also reviewed 18 U.S.C. § 3142 and considered:

**I.    The nature and circumstances of the offense charged**

Defendant is charged with Conspiracy to Possess with Intent to Distribute Methamphetamine, specifically with transporting quantities of drugs to this district

ORDER - 1

for distribution by a larger organization. The charge triggers a presumption that no combination of conditions will reasonably assure community safety or Defendant's appearance for further proceedings.

Defendant is not alleged to be a leader in the organization, and is not accused of threats or violence. There were 17 guns recovered when Defendant's home was searched, one of which was apparently stolen. Defendant is not prohibited from possessing firearms.

Whenever limning this conspiracy, the United States has referenced "three hand grenades," but the specifics are unclear and the evidence does not support attributing these devices to Defendant.

Investigators also report that there were often visitors to Defendant's home (where he proposes to be released to), that some of these visitors have criminal backgrounds, that drug use was common, and that drugs and drug paraphernalia were found in the home.

This infers that Defendant knowingly contributed to a significant criminal combine, and condoned drug abuse under potentially dangerous conditions. While mere allegations, these circumstances suggest danger to the community and therefore do not support release.

## II. The weight of the evidence against the Defendant

The weight of the evidence against Defendant is unclear, and in any event is given the least consideration in determining detention.

## III. Defendant's history and characteristics, including:

**Character** – This factor is difficult to assess. Defendant completed high school, is a disabled veteran, has been married three times, has been trained and worked in real estate, has arranged support for himself and generally maintains contact with his extended family. This does not support detention.

**Physical and mental condition** – Defendant is in poor physical condition. During one of his appearances in court he used a wheel chair. He severely injured

ORDER - 2

his back while serving in the Air Force, crushing several vertebrae and requiring him to learn to walk again. Two subsequent neck surgeries resulted in a rod being installed in his neck. He has also had knee surgery, and is subject to seizures. He is under the care of the Veterans Administration, and takes numerous medications. To the extent these circumstances restrict travel or flight, they support release.

**Family ties** – Defendant lives with his daughter by a prior marriage, and the woman who has been his significant other for 15 years. These family ties support release.

**Employment** – Defendant is disabled and unemployed, though he has worked in the past. This slightly favors release.

**Financial resources** – Defendant reportedly receives about $3,000 per month in disability benefits, which is adequate to maintain himself. This favors release.

**Length of residence in the community** – Defendant has resided in the same home for 9 years, and in either Washington or Idaho since 1989. This is a meaningful length of time in the community, and supports release.

**Community ties** – Defendant's ties to the community include a home, a daughter, a significant other, and ongoing treatment at the Veterans Administration hospital in Spokane. These are significant ties to the community, and support release.

**Past conduct** – Other than what is noted in other categories of this analysis, there is nothing notable about Defendant's past conduct, and this factor weighs neither for nor against release.

**History relating to alcohol and drug abuse** – Evidence suggests that Defendant has been acquainted with prescribed and unprescribed drugs for an extended period, but has not acknowledged any difficulties. He has been evaluated as needing intensive inpatient treatment. To the extent that Defendant does not acknowledge a problem or engage in treatment, this weighs against release.

ORDER - 3

**Criminal history** – Defendant's criminal history is minimal - his last and only misdemeanor conviction was fifteen years ago. He has attained the age of 52 years without any felony convictions. This favors release.

**Record concerning appearance at court proceedings** – The only record of failure to appear as required is dated 18 months ago, when Defendant initially failed to respond to a petty theft citation. The underlying offense was eventually deferred. This does not support detention.

**Whether Defendant was under supervision at the time of the alleged offense** – There is no indication that Defendant was under any form of court-ordered supervision at the time of this offense. This does not favor detention.

**IV. The nature and seriousness of the danger to the community posed by Defendant's release-**

Defendant's danger to the community may be directly proportionate to his associates.

The Court, having considered the proffers of Defendant and Plaintiff, and 18 U.S.C. § 3142, finds the United States has not met its burden and shown by a preponderance that no combination of conditions will reasonably assure the Defendant's appearance for further proceedings, and by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community if Defendant is released pending trial. Accordingly,

**IT IS ORDERED** Defendant's Motion, **ECF No. 166,** is **GRANTED**. Defendant shall be released on the following conditions:

**STANDARD CONDITIONS OF RELEASE**

**(1)** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless

ORDER - 4

Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

### ADDITIONAL CONDITIONS OF RELEASE

**(14)** Defendant shall remain in the Eastern District of Washington while the case

ORDER - 5

is pending. By timely motion clearly stating whether opposing counsel and Pretrial Services object to the request, Defendant may be permitted to travel outside this geographical area.

**(15)** Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(16)** Avoid all contact, direct or indirect, with known felons and/or Co-Defendant(s). Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(18)** Refrain from any use of alcohol.

**(19)** There shall be no alcohol in the home where Defendant resides.

**(20)** There shall be no firearms or other dangerous weapons or devices in the home where Defendant resides.

### SUBSTANCE ABUSE EVALUATION AND TREATMENT

If Defendant is required to submit to a substance abuse evaluation, inpatient or outpatient treatment, the following shall apply:

Defendant shall complete treatment indicated by an evaluation or recommended by Pretrial Services and shall comply with all rules of a treatment program. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment.

Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

ORDER - 6

Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program.

**If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.**

**If Defendant leaves an inpatient program before treatment is completed, the treatment facility and Defendant shall immediately notify the U.S. Probation Officer or, if the U.S. Probation Officer is unavailable, the U.S. Marshal, who shall in turn immediately notify the undersigned. Defendant shall comply with all directives of the U.S. Probation Officer.**

*PROVIDED* that Defendant's treatment and release from custody is on the express condition that treatment not hinder or delay the adjudication of this case, and that Defendant appear in person when required regardless of treatment status, and maintain adequate contact with defense counsel.

**(24)** **Substance Abuse Evaluation**: Defendant shall participate in a substance abuse evaluation.

**(26)** **Outpatient Treatment**: Defendant shall participate in an outpatient substance abuse treatment program.

Prior to release, an appointment for Defendant's first counseling session must be made and confirmed by Pretrial Services. **Whereupon the Court will execute the A.O. Form 199C referenced in Condition #4 above, and release Defendant to such treatment.** The AO Form 199C will specify when and to whom Defendant is to be released.

**(27)** **Prohibited Substance Testing**: **If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper,

ORDER - 7

in any fashion, with the efficiency and accuracy of prohibited substance testing.

### HOME CONFINEMENT/ELECTRONIC/GPS MONITORING

**(28)** Defendant shall participate in one or more of the following home confinement program(s):

**Home detention**: Defendant shall be restricted to his/her residence at all times except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office or supervising officer, including but not limited to employment, religious services, medical necessities, substance abuse testing or treatment, or mental health treatment

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to insure that the motion is promptly determined.

DATED November 3, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 8